UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| In re: NATIONS DIRECT MORTGAGE, LLC Data Breach Litigation | Case No. 2:24-cv-00595-ART-NJK<br><br>ORDER |

Before the Court are Defendant's motion to compel arbitration (ECF No. 15), the parties' joint motion to stay case (ECF No. 24), and Plaintiffs' motion for appointment of interim class counsel (ECF No. 29). The Court will address each in turn.

## I. Joint Motion to Stay Case

On May 30, 2024, Plaintiffs filed the parties' joint motion to stay case, requesting that the case be stayed until August 28, while parties attended mediation (ECF No. 24). The parties' August 23, 2024 joint status report indicates that the parties attended mediation but did not settle the matter (ECF No. 27 at 3.) As the date which parties requested to stay this action until has passed, and the matter was not settled in mediation, the Court denies the joint motion to stay case as moot.

## II. Defendant's Motion to Compel Arbitration

Plaintiff Janine Bivona-Truman initially filed a complaint in this action on March 27, 2024, as the sole named Plaintiff. (ECF No. 1.) On April 26, 2024, Defendant filed a motion to compel arbitration, arguing that as Plaintiff Bivona-Truman was formerly employed by Defendant, she had signed a binding arbitration agreement. (ECF No. 15.) Subsequently, Plaintiff Bivona-Truman filed an amended complaint, adding Harry Medina as a named Plaintiff. (ECF No. 20.)

1

1    Plaintiff Bivona-Truman then voluntarily dismissed her individual claims against
2    Defendant pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). (ECF No. 26.) As Plaintiff
3    Bivona-Truman has dismissed her claims against Defendant, the Court denies
4    Defendant's motion to compel arbitration as moot.

### III.     Plaintiffs' Motion for Appointment of Interim Class Counsel

Under Rule 23(g)(3), "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The Manual for Complex Litigation provides further guidance on whether to appoint interim class counsel before class certification is decided, stating:

> "If the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary. If, however, there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment. In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement."

Manual for Complex Litigation, Fourth, § 21.11, at 246 (Federal Judicial Center 2004). Here, because multiple overlapping lawsuits were filed before being consolidated, and there is at least one other class action pending in a Florida state court based on the same Data Incident (*See* ECF No. 27 at 3), the Court finds it appropriate to appoint interim class counsel.

In appointing interim class counsel, the Court considers the following four factors outlined under Rule 23(g)(1) for appointment of counsel generally: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the class action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit

to representing the class. Fed. R. Civ. P 23(g)(1). "'Although neither the federal rules nor the advisory committee notes expressly so state, it is generally accepted that the considerations set out in [Federal Rule of Civil Procedure] 23(g)(1)(C), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification.'" *Wright v. Jacob Transportation, LLC*, No. 2:15-CV-00056-JAD, 2015 WL 3916001, at *3 (D. Nev. June 24, 2015)(quoting *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006)(collecting cases)).

Here, the Court finds that proposed interim class counsel satisfies each factor. Proposed interim class counsel has performed substantial work in investigating the claims set forth in this action, have significant experience handling data breach class actions specifically, and attest that each firm is well-capitalized with the resources necessary to pursue the present case. As such, the Court finds that the parties can adequately represent the putative class in this action as interim class counsel.

In the present case, interim class counsel has agreed to the following: Interim class counsel must share responsibility for the following duties during all phases of the litigation:

(a) Coordinating the work of preparing and presenting all of Plaintiffs' claims and otherwise coordinating all proceedings, including organizing and supervising the efforts of Plaintiffs' counsel in a manner to ensure that Plaintiffs' pretrial preparation is conducted effectively, efficiently, expeditiously, and economically;

(b) Delegating work responsibilities and monitoring the activities of all Plaintiffs' counsel in a manner to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

(c) Calling meetings of Plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the

1  Court, and initiating proposals, suggestions, schedules, project
2  assignments, and any other appropriate matters;
3  (d) Determining (after consultation with Interim Class Counsel and other
4  co counsel as may be appropriate) and presenting (in briefs, oral argument,
5  or such other fashion as he or his designee may deem appropriate) to the
6  Court and opposing parties the position of the Plaintiffs on all matters
7  arising during pretrial (and, if appropriate, trial) proceedings;
8  (e) Serving as the primary contact for all communications between Plaintiffs
9  and Defendant, and acting as spokespersons for all Plaintiffs vis-à-vis
10 Defendant and the Court;
11 (f) Directing and executing on behalf of Plaintiffs the filing of pleadings and
12 other documents with the Court;
13 (g) Appearing at on behalf of Plaintiffs at all court hearings and conferences
14 regarding the case as most appropriate for effective and efficient
15 representation, and speaking for Plaintiffs at all such hearings and
16 conferences;
17 (h) Receiving and initiating communication with the Court and the Clerk of
18 the Court (including receiving orders, notices, correspondence, and
19 telephone calls) and dispensing the content of such communications
20 among Plaintiffs' counsel;
21 (i) Initiating and conducting discussions and negotiations with counsel for
22 Defendant on all matters, including settlement;
23 (j) Negotiating and entering into stipulations with Defendant or Defendant's
24 counsel as necessary for the conduct of the litigation;
25 (k) Initiating, coordinating, and conducting all discovery on Plaintiffs'
26 behalf and ensuring its efficiency, with the assistance of all Plaintiffs'
27 counsel;
28 (l) Selecting, consulting with, and employing experts for Plaintiffs, as

4

necessary;

(m) Encouraging and enforcing efficiency among all Plaintiffs' counsel;

(n) Assessing Plaintiffs' counsel for the costs of the litigation;

(o) Preparing and distributing periodic status reports to the Court and to the parties as ordered;

(p) Develop and recommend for Court approval practices and procedures pertaining to attorneys' fees and expenses as further detailed below and, on an ongoing basis, monitor and administer such procedures. At such time as may be appropriate, Interim Class Counsel also will recommend apportionment and allocation of any fees and expenses that might become due to Plaintiffs' counsel in this matter, subject to Court approval; and,

(q) Performing such other duties as are necessary in connection with the prosecution of this litigation or as may be further directed by the Court.

This order applies to all actions included in the above-captioned consolidated matters and all subsequently consolidated actions.

Interim Class Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for plaintiff(s) in each Related Case not yet consolidated in this proceeding to the extent that Interim Class Counsel is aware of any such action(s) and on all attorneys for plaintiffs whose cases have been so consolidated but who have not yet registered for ECF.

**IV.     CONCLUSION**

It hereby ordered that Plaintiffs' motion to compel arbitration (ECF No. 15) is DENIED AS MOOT.

It is also ordered that the parties' joint motion to stay case (ECF No. 24) is DENIED AS MOOT.

It is also ordered that Plaintiffs' motion for appointment of interim class counsel (ECF No. 29) is GRANTED.

The Court hereby appoints Mona Amini of Kazerouni Law Group, APC, Ra Amen of Mason LLP, and Tyler Bean of Siri & Glimstad LLP as interim class counsel in this consolidated action.

Dated this 2nd day of October, 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE